A. Eric Bjorgum (State Bar No. 198392)
Marc A. Karish (State Bar No. 205440)
KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
E-Mail: eric.bjorgum@kb-ip.com

Attorneys for Plaintiff
MG PREMIUM LTD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MG PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff<br><br>vs.<br><br>NGUYEN HOI AND DOES 1-20, d/b/a PORNEZ.net<br><br>Defendants. | Case No. 2:23-cv-00349-CBM-PVC<br><br>**PLAINTIFF MG PREMIUM LTD'S MOTION TO ALTER OR AMEND THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT NGUYEN HOI D/B/A PORNEZ.NET**<br><br>Date: January 9, 2024<br>Time: 10AM<br>Judge: Hon. Consuelo B. Marshall<br>Courtroom: 8D (350 W. 1st Street) |

TO THE JUDGES OF THIS COURT AND DEFENDANT NGUYEN HOI:

PLEASE TAKE NOTICE THAT on January 9, 2024, at 10 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located in Courtroom 8D at 350 West 1st Street, 9th Floor, Los Angeles, California 90012-4565, Plaintiff MG PREMIUM LTD ("Plaintiff") will present its motion to alter or amend the Default Judgment (Dkt. No. 35) and Permanent Injunction (Dkt. No. 36) entered against Defendant Nguyen Hoi ("Defendant"). This motion is made pursuant to rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 7-18.

Plaintiff makes this motion on the ground that the Court failed to consider material facts presented to the Court when the Default Judgment and Permanent Injunction were entered. In particular, the Court denied including an order to Verisign, Inc. that it transfer the domain name PornEZ.net because Verisign, Inc. is not Defendant's agent.  However, the case law cited by Plaintiff in seeking default indicates that such a relationship is not required.

Plaintiff files this motion without having first met and conferred with Defendant. As the Court will recall, the Court entered default judgment because Defendant has failed to appear in these proceedings.

This Motion is based on this Notice and Motion, Memorandum of Points and Authorities,  the attached Declaration of Jason Tucker, the Proposed Amended Judgment filed herewith, and the pleadings, files, and other matters that may be presented at the hearing.

Dated:  November 20, 2023  **KARISH & BJORGUM, PC**

_/s/ A. Eric Bjorgum_
A. Eric Bjorgum, State Bar No. 198392
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
Email: Eric.bjorgum@kb-ip.com
Attorneys for Plaintiff MG Premium Ltd

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, MG Premium Ltd (hereinafter "MG Premium Ltd" or the "Plaintiff") hereby moves the Court, in accordance with Fed.R.Civ.P. 59(e) and Local Rule 7-18, to alter or amend the Order Re: Plaintiff MG Premium Ltd's Motion for Default Judgment (Dkt. No. 35) and Permanent Injunction (Dkt. No. 36) entered against Defendant Nguyen Hoi ("Defendant"), through its counsel, A. Eric Bjorgum of Karish & Bjorgum, PC.

## I.   INTRODUCTION

This motion follows the Court's Order Re: Plaintiff MG Premium Ltd's Motion for Default Judgment (Dkt. No. 35) and the Court's entry of Permanent Injunction (Dkt. No. 36). In the Permanent Injunction the Court adopted paragraphs 1 to 3 of Plaintiff's Proposed Judgment (Dkt. No. 26-1), but not paragraphs 4 and 5. In particular, Plaintiff's proposed paragraph 5 contained the following language:

> 5. It is hereby **ORDERED, ADJUDGED and DECREED** that Verisign, Inc. and any other registries and registrars of the domain name PornEZ.net, shall (i) make the web site and any other content located that the domain name inaccessible to the public; (ii) transfer the domain PornEZ.net to MG Premium Ltd, including changing the registrar of record to the registrar selected by MG Premium at MG Premium's reasonable expense; and (iii) after the transfer, reenable the domain name so that MG Premium may fully control and use the domain name.

Plaintiff is moving that the Court reconsider the proposed language and asking that the Court amend the Order of Default Judgment and Permanent Injunction to include this language.

Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's motion to amend the Court's Order Re: Plaintiff MG Premium Ltd's Motion for Default Judgment (Dkt. No. 35) and the Court's entry of Permanent Injunction (Dkt. No. 36) to include the language in paragraph 5 of the Proposed Injunction (Dkt. No. 26-1).

## II. LEGAL STANDARD

Plaintiff moves in accordance with Fed.R.Civ.P. 59(e) and Local Rule 7-18, to alter or amend the Order Re: Plaintiff MG Premium Ltd's Motion for Default Judgment (Dkt. No. 35) and the Court's Permanent Injunction (Dkt. No. 36) entered against Defendant Nguyen Hoi ("Defendant"). Fed.R.Civ.P. 59(e) is silent regarding the requirements for a motion to alter or amend a judgment other than stating that such a motion must be filed no later than 28 days after the entry of the judgment.[1] Accordingly, Applicant further moves pursuant to Local Rule 7-18 for reconsideration to alter or amend the Default Judgment (Dkt. No. 35) and Permanent Injunction (Dkt. No. 36) entered against Defendant Nguyen Hoi.

Pursuant to Local Rule 7-18, a motion for reconsideration of an Order on any motion or application may be made on the ground of "(c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Granting reconsideration is a matter of judicial discretion, and is considered to be an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotes omitted); *Mohammadi v. Islamic Republic of Iran*, 7482 F.3d 9, 17 (DC Cir. 2015)

---

[1] Local Rule 59 does not have any provisions clearly directed to a motion to alter or amend a judgment. All of Local Rule 59-1 falls under "New Trial – Procedure".

2

MOTION TO ALTER OR AMEND THE DEFAULT JUDGMENT
ENTERED AGAINST DEFENDANT NGUYEN HOI

Plaintiff respectfully submits that the present circumstances warrant changes to the enter Order Re: Plaintiff MG Premium Ltd's Motion for Default Judgment (Dkt. No. 35) and Permanent Injunction (Dkt. No. 36) in the interest of finality and conservation of judicial resources.

### III.    ARGUMENT

**1. Without Transfer of the Domain PorzEZ.net to Plaintiff, Future Infringement Is Likely To Occur**

In its injunction order, the Court denied including an order to Versign, Inc. to transfer the domain name, because Verisign, Inc. is not a named defendant and there were no allegations that Verisign, Inc. was Defendant's agent. D.N. 35, pp. 11-12. Plaintiff respectfully submits that the Court may not have fully considered the case law cited in the Plaintiff's motion (D.N. 20 at p. 21), which shows that Verisign, Inc. need not be named as a defendant or be found to be the Defendant's agent to grant the requested relief. Specifically, Plaintiff cited *China Central Television v. Create New Tech. (HK) Ltd,* No. 15-01869 MMM, D.I. 192 at ¶ 18 (C.D. Cal. May 31, 2016)(Court ordered Verisign, Inc. to transfer the domain names at issue to Plaintiffs even though Verisign, Inc. was not named as a party); *DISH Network L.L.C. v. Dima Furniture, Inc.,* 2019 WL 2498224 at *8-9 (D. Md. June 17, 2019)(Noting that "under similar circumstances, other courts have concluded that nonparty domain name registries and registrars may be enjoined" and ordering Verisign transfer the domains at issue.)(citations omitted); *see also, DISH Network L.L.C. v. Mo' Ayad Al Zayed Trading Est.*, No. 4:17-cv-03909, D.I. 24 (S.D. Tex. Aug 24, 2018)(Ordering third party registrars of the domains at issue to transfer the domains); *DISH Network L.L.C. v. Shava IPTV Network LLC*, No. 1:15-cv-00706 (TSE/IDD), D.I. 136 *E.D. Va. Feb 2, 2018)(Recommending that the Court order the third party domain name registrars to transfer domain names at issue to Dish); *Warner Bros. Entm't, Inc. v. Doe*, No.

14-cv-3492, D.I. 27 at 7 (S.D.N.Y. Oct 3, 2014)(Ordering third party domain name registries, including Verisign to transfer domain names to Plaintiff).

 Verisign, Inc. is the registry for ".com" and ".net" domains. Declaration of Jason Tucker ("Tucker Decl.") ¶ 6. Verisign is essentially the same as the Department of Motor Vehicles or the US Copyright Office, in that they control registration -- not ownership. Verisign operates the domain name **registry** for all .com, and .net and .org domains, just as the DMV handles registration of cars.[2] Verisign does not sell or lease domain names to the public.[3] Tucker Decl., ¶ 7.

 Without an order to Verisign, the Defendant can simply assign the domain name PornEZ.net to another individual or entity, or move its operation outside of the reach of this Court. Tucker Decl., ¶¶ 8 - 9. The new individual or entity can then have the infringing content served by new content delivery providers in the U.S. in which case Plaintiff would have to file a new lawsuit or move the Court to stop the infringement. *Id.* More worrisome for Plaintiff, the new individual or entity can then have the infringing content served by content delivery and other service providers outside the U.S. (and outside the purview of this Court) which would be very difficult and expensive for Plaintiff to try to stop. *Id.* at ¶ 9. Ordering Verisign, Inc. to transfer PornEZ.net to MG Premium Ltd would stop

---

[2] How the Domain Name System (DNS) Works, Source:

https://www.verisign.com/en_US/website-presence/online/how-dns-works/index.xhtml

[3] "Verisign operates the authoritative registries .com, .net, .name, .cc, コム, .닷컴, .닷넷 and קום domain names, and provides domain registry services for new gTLDs. Verisign **does not** register or renew domain names—we work with domain registrars to register domain names." Source:

https://www.verisign.com/en_US/domain-names/domain-registrar/index.xhtml

4

Defendant from being able to distribute infringing content to the public in violation of MG Premium Ltd's rights.

In fact, the language regarding Verisign, Inc. in Plaintiff's Proposed Judgment (Dkt. No. 26-1) is the language that Verisign, Inc. provided for this purpose. Tucker Decl. ¶10. Verisign will change a registration, but it requires specific language to do so.

### 2. The Court Should Order Transfer Of the Domain PornEZ.net to Plaintiff To Compensate Plaintiff for Defendant's Infringement

The Court ordered the Defendant to pay $117,270,000 in statutory damages for copyright infringement. The Court ordered the Defendant to pay $4,670.47 in attorneys' fees and costs of suit. As the Court knows, the Defendant has not responded to anything and Plaintiff is very unlikely to recover any money from Defendant. The domain name PornEZ.net has had substantial traffic and is the only asset of monetary value that Plaintiff is likely to access to compensate it for the infringement. Tucker Decl., ¶ 11.

### IV.   **CONCLUSION**

Accordingly, the Court should amend the Order Re: Plaintiff MG Premium Ltd's Motion for Default Judgment (Dkt. No. 35) and Permanent Injunction (Dkt. No. 36) to order that:

> Verisign, Inc. and any other registries and registrars of the domain name PornEZ.net, shall (i) make the web site and any other content located that the domain name inaccessible to the public; (ii) transfer the domain PornEZ.net to MG Premium Ltd, including changing the registrar of record to the registrar selected by MG Premium at MG Premium's reasonable expense; and (iii) after the transfer, reenable

the domain name so that MG Premium may fully control and use the domain name.

A proposed Amendment to the Judgment is lodged herewith.

Respectfully Submitted,

Dated:  November 20, 2023          **KARISH & BJORGUM, PC**

*/s/ A. Eric Bjorgum*
A. Eric Bjorgum, State Bar No. 198392
119 E. Union St., Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
Email: Eric.bjorgum@kb-ip.com

Attorneys for Plaintiff MG Premium Ltd

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff MG Premium Ltd certifies that this brief contains 1,349 words, which complies with the word limit of L.R. 11-6.1.

*/s/ A. Eric Bjorgum*
A. Eric Bjorgum, State Bar No. 198392
119 E. Union St., Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
Email: Eric.bjorgum@kb-ip.com

Attorneys for Plaintiff MG Premium Ltd
